McBRIDE, Judge.
Plaintiff-insured appeals from a judgment dismissing his suit against defendant- *280 insurer for $10,000 (policy limit), plus penalties allegedy due under a policy of fire insurance issued by defendant covering 2419 Philip Street, New Orleans, which was damaged by a fire on September 20, 1961. The mentioned policy had been issued April 17, 1958, and the fire occurred during the term thereof.
■ Plaintiff acquired 2419 Philip Street in 1958, at which time there was a space for a restaurant therein not then being used for said purpose. A restaurant was not operated on the premises until about a year after plaintiff’s purchase, or sometime in 1959. A restaurant business was being operated at the time of the fire.
Upon purchasing the property, plaintiff granted a mortgage thereon to one Strough-ter who arranged for a policy of fire insurance covering the property through Creuzot, an independent insurance agent. Stroughter, acting as a sort of business agent of plaintiff, gave Creuzot the description of the premises to be insured as:
"A two story, frame, approved roof, two family divelling located at 2419 Philip St., New Orleans, La.” [Italics ours.]
Creuzot had Reliable Insurance Company issue a fire policy to plaintiff for $10,000 covering the property under the above description. The policy, which was for a term of five years, was subsequently cancelled by said insurer.
Upon the cancellation of the Reliable Insurance Company’s policy, Creuzot, acting as agent or broker for plaintiff through Stroughter, communicated with Montaldo Insurance Agency and requested George North of that agency to issue a policy of fire insurance to plaintiff covering the property under the above description. North had Trinity Universal Insurance Company issue a $10,000 fire policy which was also subsequently cancelled by the insurer.
Thereupon North secured the policy sued upon for plaintiff from the American Marine & General Insurance Company. The policy describes the property as:
“A two story, frame, approved roof, two family dwelling located at 2419 Philip St., New Orleans, La.”
North sent the policy via mail to Creuzot for delivery to the insured. Subsequently, because of nonpayment of premium, a notice of cancellation was sent to plaintiff, whereupon he paid the premium due and the policy was reinstated.
Defendant-insurer declined payment of the fire loss of September 20, 1961, because its investigation showed that instead of the insured premises consisting of a two-story, frame, approved roof, two-family dwelling, the building contained one five-room apartment, three bedroom apartments and eleven bedrooms plus an operating bar and cafe.
In the insurance field there is a vast difference in the risk as between a two-family dwelling and a building containing a five-room apartment, three bedroom apartments and eleven bedrooms plus an operating bar and cafe. The premium plaintiff paid on the policy for the five-year term thereof amounted to $210.12, whereas the premium for a policy, had it contained the correct description and the use and occupancy of the property, should have been $815.04. Aside from the restaurant and saloon features of the premises, a frame dwelling with multiple occupancy, such as apartments or a rooming house, as was the case at. the time of the fire loss, is not as good a risk from an underwriting standpoint as a two-family dwelling. There would be a difference in rates. Multiple occupancies would command the higher rate. It appears from the evidence that had defendant-insurer been cognizant of the true use to which the property was being put and the nature of the occupancy thereof, the risk would not have been accepted.
R.S. 22:692 (as amended by Act 125 of 1958) provides:
“No policy of fire insurance issued by any insurer on property in this state *281 shall hereafter he declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy or in the application therefor. Such breach shall not avail the insurer to avoid liability unless such breach (1) shall exist at the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy, or (2) shall be such a breach as would be a violation of a warranty or condition requiring the insurer to take and keep inventories and books showing a record of his business. Notwithstanding the above provisions of this Section, such a breach shall not afford a defense to a suit on the policy if the fact or facts constituting such a breach existing at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents, or if the fact of facts constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured.”
When it was represented to the insurer that 2419 Philip Street was a two-family dwelling and that description of the premises was carried in the policy, such constituted a material representation within the meaning of R.S. 22:692. There was a breach of such representation in that the insured building was put to a different use and occupancy which existed at the time of the accrual of the loss. There is no question that the physical hazard of the insurer under the policy was increased because of the difference in the use and occupancy.
The defense in this case is that such breach of representation is sufficient to avail the insurer of the right to avoid liability under the policy, and defendant is contending that plaintiff has no right to a judgment against it for his loss,
Plaintiff attempted to prove knowledge on the part of the insurer’s agent, Montaldo Insurance Agency, of the presence of the restaurant and seeks to bring himself under that portion of R.S. 22:692 which provides that a breach shall not afford an insurer a defense to a suit on the policy if the fact or facts constituting such a breach existed at the time of the issuance of the policy and were, at such time, known to the insurer or its officers or agents, or if the fact or facts constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to its officers or agents.
We are cited by plaintiff’s counsel to the case of McCoy v. Pacific Coast Fire Insurance Company, La., 178 So.2d 761, No. 47369 of the docket óf the Supreme Court, in which the opinion and decree (handed down January 18, 1965) is not yet reported. The facts and circumstances in said case in some respects resemble those in the instant case. There the insurer contended there had been a breach of a material representation which existed at the time of the loss and sought to exculpate itself from liability under the fire policy. The policy described the use and occupancy simply as “apartments.” An investigation after the fire loss showed that in addition to the apartments there was also a restaurant in the premises which materially increased the risk involved. The main issue in the case was whether the insurer’s agent had knowledge within the intendment of R.S. 22:692 of the restaurant-use before the fire loss. The plaintiffs contended that the facts constituting the breach existing at the time of the loss were well-known to the insurer’s agent. The evidence in the case reflects that the Louisiana Rating and Fire Prevention Bureau, which is authorized by law (R.S. 22 :- 1405, as amended) to furnish insurance companies and agencies information both as to rates and risks from its inspection of insured premises, had furnished the various insurance agencies rate cards containing detailed information as to the current use of insured buildings. The insurance agency *282 which had issued the policy to plaintiffs, although receiving the Louisiana Rating and Fire Prevention Bureau-rate cards, made no effort before the fire loss to match the rate cards with its existing insurance policies. The court held that the pertinent rate card covering the property insured contained information which constituted actual or constructive notice to the insurance agency that the building insured was being used as a restaurant, and, therefore, under the pertinent provisions of R.S. 22:692, the breached representation did not afford the insurer a defense to the suit.
The McCoy case is dissimilar in an important feature from the instant case and is easily distinguishable. True, in the instant case, Montaldo Insurance Agency, which issued defendant’s policy to plaintiff, had possession of the rate card (dated May 6, 1959) pertaining to 2419 Philip Street furnished by the Louisiana Rating and Fire Prevention Bureau, and under the holding in the McCoy case, the insurer is to be charged with actual or constructive notice of everything shown on said rate card, and if the rate card disclosed the existence of the breach of representation as to the use of premises insured, the insurer cannot avoid the policy and escape liability.
The difference between the McCoy case and the matter now before us is that the rate card in the instant case was not sufficient to constitute actual or constructive notice to the defendant-insurer that the insured premises which was represented to be a two-family dwelling, actually housed one five-room apartment, three bedroom apartments and eleven bedrooms plus an operating cafe (restaurant). The rate card in question was made part of the record by stipulation between counsel in this Court, and the pertinent information contained on the card reflects that 2419 Philip Street consisted of, “Idle Rest, Saloon & Dwg * * * Rms (9).”
Many numerals are shown on the card which are meaningless to us as there is no evidence explaining them, and we take it that what is shown is that the premises contain an idle restaurant, a saloon and dwelling consisting of nine rooms. Even though possessed of the information on the rate card, the insurer could not be held to have known that there was an operating restaurant on^the premises or that the dwelling was not for two families but consisted of one five-room apartment, three bedroom apartments and eleven bedrooms.
Plaintiff also endeavored to show that the insurer’s agent had knowledge of the breached representation because it was cognizant that Reliable Insurance Company and Trinity Universal Insurance Company had previously cancelled their fire policies covering the property. While Montaldo Insurance Agency did have notice of the cancellation of the two previous policies, all the agency knew was that the policies were cancelled because “Not Wanted” by the insurers. Montaldo Insurance Agency was not shown to have had knowledge of the specific reason or reasons why the policies were “Not Wanted.” The mere knowledge that the previous policies had been cancelled without knowing the reason for the cancellation would not serve as notice of the facts constituting the breach of the representation within the purview of R.S. 22:692.
Plaintiff also argues that prior to the fire loss, Montaldo Insurance Agency in July, 1960, had Gulf Insurance Company of Dallas, Texas, issue a liability policy covering 2419 Philip Street, which was cancelled by the company about sixty days subsequently. Plaintiff testified that the liability policy was cancelled because the liability insurer learned after an inspection that a restaurant was being operated on the premises. Counsel seek to impress knowledge and notice on defendant-insurer because Montaldo Insurance Agency was. apprised of the cancellation of the liability *283 policy. Nowhere does it appear in the record that Montaldo Insurance Agency knew why the liability was cancelled. The fact that there was a cancellation of the liability policy standing alone would not amount to actual or constructive notice to the agency that there was a cafe or restaurant in operation on the premises, or that there were multiple dwelling units therein.
This is a clear case where there was a breach of a material representation in a fire policy existing at the time of the loss and that such breach increased the physical hazard. There is no evidence whatever that defendant-insurer had knowledge, either actual or constructive of such breach at any time prior to the loss.
For the above reasons the judgment appealed from is affirmed.
Affirmed.