FOURNET, Chief Justice.
We granted a writ of. certiorari in the above entitled case on the application of the plaintiff, Sullivan Bailey, to review the judgment of the Court of Appeal, Fourth Circuit, dismissing his suit against the defendant, American Marine & General Insurance Company, to recover the $10,000 face value of a fire insurance policy issued by the defendant covering plaintiff’s property located at 2419 Philip Street in the City of New Orleans, plus statutory penalties and attorney’s fees. 178 So.2d 279.
According to the facts as disclosed by the record, the property involved was adjudicated to the plaintiff by the Civil Sheriff at an auction sale on October 31, 1957. In order to satisfy the amount of his bid, the plaintiff secured two loans on January 30, 1958, one from the Homestead Savings Association [1] which was insufficient to fulfill *101 his obligation, and the other from J. W. Stroughter, a real estate man, securing the former with a vendor’s lien and mortgage on the property, the latter by a second mortgage.
On that same day, Reliable Insurance Company issued a five-year $10,000 fire insurance policy on the property through the Percy P. Creuzot, Jr., Insurance Agency on the request of Stroughter. Shortly thereafter this policy was cancelled by the company, whereupon at the request of Percy P. Creuzot, Jr., another five-year policy for the same amount was issued by the Trinity Universal Insurance Company through the Montaldo Insurance Agency, Inc. On April 17, 1958, this policy was cancelled for the reason the company did not want the risk. On the same day the defendant, American Marine & General Insurance Company, through its local agent, Montaldo Insurance Agency, issued a similar policy on the property. On September 20, 1961, while this policy was in full force and effect, the property was damaged by a fire originating on the second floor of the building which admittedly damaged the property in excess of the policy limits. This suit followed the defendant’s refusal to pay plaintiff after he had made full proof of his loss.
The defendant, relying on R.S. 22:692[2], resisted liability claiming there was a breach of a material representation in the policy existing at the time of the loss of which it had no knowledge before the fire occurred and that such breach increased the physical hazard, pointing out the policy insured the property at 2419 Philip Street as a “two story, frame, approved roof, two family dwelling” for a premium of $210.12, when in fact the property contained one five-room bedroom apartment, three bedroom apartments, eleven bedrooms and an operating restaurant and bar, entailing a much larger hazardous risk for which it would have required a premium of $815.04.
Plaintiff, on the other hand, claims the defendant cannot avail itself of the provi *103 sions of the statute to avoid liability as the facts complained of as constituting the alleged breach existing at the time of the loss were known to defendant’s agent (Montaldo Insurance Agency) prior thereto, citing as authority therefor a recent decision of this court in the case of McCoy v. Pacific Coast Fire Insurance Company, 248 La. 389, 178 So.2d 761.
In the McCoy case, as in the case at bar, the defendant’s agent was Montaldo Insurance Company and it had been furnished by the Louisiana Rating and Fire Prevention Bureau a card which it had in its files showing the property insured was being used as a “restaurant, rooms, and apartments”, whereas the policy described the insured property as “apartments,” and this court held the insurer was charged with knowledge of everything shown on the rate card filed with its agent and therefore could not avoid liability under its policy.
The Court of Appeal in its opinion in' this case stated the McCoy case in some respects does resemble the case under consideration, but it was distinguishable in that the rate card furnished defendant’s agent by the Louisiana Rating and. Fire Prevention Bureau was insufficient to constitute actual or constructive notice to the insurer.
In this conclusion we think the Court of Appeal erred. According to our decision in the McCoy case, the insurer’s agent is charged with knowledge of everything included in the rate card issued by the Louisiana Rating and Fire Prevention Bureau on May 6, 1959, more than two years before the fire, wherein the property insured was designated as containing an idle restaurant, saloon, dwelling and nine rooms; and its agent had knowledge that that part of the building specified as an idle restaurant had been placed in operation prior to the fire, as shown by the uncontradicted testimony of the plaintiff that he was told by the agency upon his inquiry as to why a liability policy[3] on the property issued him through it had been cancelled that it was because he had a restaurant operating on the premises.
In an effort to refute plaintiff’s testimony, Mr. George North, in charge of the Fire Insurance Department of Montaldo Insurance Agency, appeared on behalf of the defendant. He’ stated he did not know why the policy was cancelled. On cross-examination he did admit that from his experience in the business cancellation of a liability policy made shortly after its issuance is usually the result of an investigation[4] having been made in the Interim.
*105 Unquestionably the foregoing was sufficient to place the defendant’s agent on notice that the use of the building was much more extensive and hazardous than stated in the policy and a simple investigation would have revealed all the facts on which the defense is based. The only complaint made to the plaintiff was for non-payment of a premium in June of 1960, and after the payment thereof, the policy was promptly reinstated.
In this case, as in the McCoy case, the Montaldo Insurance Agency made no effort before the fire loss to match the rate cards with the existing insurance policies. This court in that case held the policy breach was known to the agent of the insurer with, in the intendment of R.S. 22:692, observing: “A person cannot disclaim knowledge by closing his eyes to an express notice of facts,” citing 39 American Jurisprudence, “Notice and Notices”, section 12, pp. 238-241; 66 C.J.S. Notice §§ 3 and 4, pp. 637-638.
Reference to the American Jurisprudence ■citation[5] discloses a general rule of law ■obtaining imposes a duty on one who has knowledge of facts which should put a prudent man on inquiry, and if he neglects to make such inquiry, he is guilty of bad faith and will be charged with the actual knowledge he would have received if he had made the inquiry. The same authority states the rule to be, “In other words, (as stated in Ruling Case Law [6]) whatever fairly puts a person on inquiry is sufficient notice zvhere the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained." (Emphasis ours.)
The rule stated in Ruling Case Law was quoted with approval in Tyson v. Spearman, 190 La. 871, 183 So. 201, wherein this court quoted from a former decision that “notice of facts which ought to excite inquiry, and which, if pursued, zvould lead to knowledge of other facts operates as notice thereof.” National Park Bank v. Concordia Land & Timber Company, 1S9 La. 86, 105 So. 234. Also, see, Maxwell v. W. B. Thompson & Co., 175 La. 252, 143 So. 230; Harrill v. Pitts, 194 La. 123, 193 So. 562; Dugas v. Powell, 207 La. 316, 21 So.2d 366; Dinwiddie v. Cox, La.App., 9 So.2d 68. (Emphasis ours.)
Under the facts as related herein-above, the notice the defendant’s agent had or is charged with having was sufficient to put a reasonably prudent person on inquiry, and if such inquiry had been made, it would have revealed all of the facts consti *107 tuting the alleged breach and which are complained of here; therefore, the insurer cannot avail itself of such facts to avoid liability.
However, in view of the fact this case had been tried in the trial court and was pending in the Court of Appeal while the McCoy case was being considered by this court, we cannot say the defendant acted arbitrarily or capriciously in refusing payment. Hence the claim of the plaintiff for penalties and attorney's fees under R.S. 22:658 will be denied. See, McCoy v. Pacific Coast Fire Insurance Co., supra.
For the reason~ assigned, the judgments of the district court and of the Court of Appeal, Fourth Circuit, are reversed and it is~ now ordered, adjudged and decreed that: there be judgment in favor of Sullivan~ Bailey against the American Marine & General Insurance Company in the sunv of $10,000 with legal interest thereon fronv November 20, 1961, at defendant's costs.
HAWTHORNE, J., is of the view that: the judgment of the Court of Appeal is. correct and therefore dissents.
SUMMERS, J., dissents.

. In order to obtain this loan, the plaintiff executed an act of sale of the property to the Homestead Savings Association, which in turn executed a resale to the plaintiff, secured by a vendor’s lien ' . and mortgage. A third-party intervention filed by this homestead, which has subsequently changed its name to the French Market Homestead Savings Association, was dismissed by the district court and it abandoned its appeal as it had been paid in full by the plaintiff.

. II.S. 22:692 provides:
“No policy of fire insurance issued by any insurer on property in this state shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy or in the application therefor. Such breach shall not avail the insurer to avoid liability unless such breach (1) shall exist at the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy, or (2) shall be such a breach as would be a violation of a warranty or condition requiring tlie insurer to take and keep ihVettto'ries and Books showing a record of bis business. Notwithstanding the above provisions of this Section, -such a breach shall not afford a defense to a Suit on the policy if the fact or facts constituting such a breach existing at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers, or agents, or if the fact or facts constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured.’!

. This policy was issued by Gulf .Insurance Company of Dallas, Texas.

. There is evidence in the record that sometime prior to the fire an inspection of the premises at 2419 Philip Street was made by a man who came there announcing he had come for that purpose and asked for plaintiff owner who was not there at the time. The trial court maintained defendant’s objection to the evidence for the reason that it was hearsay because the witness, plaintiff's lessee and operator of the restaurant, did not obtain his name.

. Footnote 14 on p. 238 shows this authority is supported by innumerable decisions of the United States Supreme Court and a large majority of the states, including Louisiana.

. 20 R.C.L., “Notice”, section 7, p. 346, et seq.