**John ROACH, Sr.; John Roach, Jr., Plaintiffs–Appellants,**

v.

**ALLSTATE INDEMNITY COMPANY; Allstate Insurance Companies, Defendants–Appellees.**

No. 11–30945
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 2012.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

John Roach, Sr., and John Roach, Jr., sued Allstate Indemnity Company and the Allstate Insurance Companies (collectively, "Allstate") for declaring the Roaches' insurance policy void after fire destroyed the son's house. The district court found that the denial was justifiable because of the son's falsified claim for the house's contents. The Roaches raise several issues on appeal, but each is inapposite, foreclosed, or waived. Accordingly, we AFFIRM.

## I.

John Roach, Sr., purchased Allstate homeowner's insurance on his son's behalf, obtaining coverage for a house the son could not personally cover because he was in prison. The house and its contents were destroyed by fire, but a month later Allstate declared the policy void *ab initio* for alleged misrepresentations in the application. John Roach, Jr., then submitted a claim for the contents, valued at over $140,000, but Allstate's fire examiner did not detect the metallic remains of a dozen high-value items listed on the contents claim, valued at over $19,000.

The Roaches sued Allstate in state court, and Allstate removed, invoking diversity jurisdiction. After discovery, the district court granted Allstate summary judgment, finding that John Roach, Jr.'s, falsified claim voided coverage.

Charles Eugene Griffin, II, Saint Francisville, LA, for Plaintiffs–Appellants.

David C. Forrester, Forrester & Dick, Baton Rouge, LA, for Defendants–Appellees.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## II.

A summary judgment is reviewed *de novo,* under the same standard applied by the district court. *McDaniel v. Anheuser–Busch, Inc.,* 987 F.2d 298, 301 (5th Cir. 1993). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. The court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the non-movant must come forward with specific facts showing a genuine factual issue for trial, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *See SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993).

## III.

■ The Roaches' chief argument turns on a Louisiana law restricting an insurer's ability to void coverage, which states:

> No policy of fire insurance issued by any insurer on property in this state shall hereafter be declared void by the insurer for the breach of any representation, warranty, or condition contained in such policy or in the application therefor. Such breach shall not allow the insurer to avoid liability unless such breach ... exists at the time of the loss, and be such a breach as would increase either the moral or physical hazard under the policy....

LA.REV.STAT. ANN. § 22:1314 (2012). As the Roaches point out, § 22:1314 requires the breach to have existed at the time of the loss in order to void the policy, but John Roach, Jr., did not submit his falsified contents claim until months after the fire.

Section 22:1314 governs only voidability for "breach[es] of any representation, warranty, or condition contained in such policy or in the application therefor." That is, it covers misrepresentations in the making of the insurance contract but is silent on misrepresentations made at other times. It thus does not govern the Roaches' situation, because the contents claim was not a "representation ... contained in such policy" but a representation made after the policy's creation. The policy, then, instead of § 22:1314, governs the instant circumstance under the following terms:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.[ 1]

---

1. The policy's language is taken verbatim from LA.REV.STAT ANN. § 22:1311 (2012). The Roaches argue that the false claim was filed well after Allstate's original denial of coverage, but this policy provision and its statutory parallel supply an adequate basis for Allstate's denial, irrespective of whether denial was initially justified.

The Roaches make a related argument from a case[2] interpreting § 22:1314's predecessor, as well. As they argue, that statute also keeps an insurer from avoiding liability where it knew or should have known all the facts constituting an alleged breach.[3] Even if Allstate had knowledge of the claim's falsity, however, § 22:1314 does not govern misrepresentations made after the loss.

 The Roaches' attempt to create a genuine issue of fact is no more availing than is their reliance on § 22:1314. Specifically, they point to deposition testimony and photographs suggesting that one television and one computer the fire examiner declared missing were in the house when it burned. At most, however, the Roaches can show a genuine issue as to two items, worth up to $5,000,[4] but they do not attempt to explain the remaining ten items declared missing, worth $14,000 or more.[5]

The Roaches further argue that Allstate neglected its duty to offer to settle the claim "within thirty days after receipt of satisfactory proofs of loss of that claim."[6]

But the Roaches had "the burden of proving the insurer received satisfactory proof of loss" and have not carried that burden either here or in the district court.[7]

AFFIRMED.

---

**2.** *Bailey v. Am. Marine & Gen. Ins. Co.*, 249 La. 98, 185 So.2d 214 (1966).

**3.** The relevant subsection reads:

Notwithstanding the provisions of Subsection A of this Section, such a breach shall not afford a defense to a suit on the policy if the facts constituting such a breach existing at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents, or if the facts constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured.

La.Rev.Stat. Ann. § 22:1314 (2012).

**4.** The computer was valued at $1,949. The Roaches' brief does not indicate whether the television at issue was the one valued at $875, at $1,200, at $1,999, or at $3,099.99.

**5.** The Roaches also argue that their entire policy ought not be wiped, even if part of the contents claim was falsified. Their argument is foreclosed by our precedent, which holds that under Louisiana law, material misrepresentations can indeed void an entire policy. *See Bennett v. Allstate Ins. Co.*, 950 F.2d 1102 (5th Cir.1992).

**6.** La.Rev.Stat. Ann. § 22:1892(A)(4) (2012).

**7.** The Roaches also contend that Allstate's amended answer never asserted that John Roach, Jr., as distinguished from his father, ever made any misrepresentations regarding the contents claim before denying coverage. That argument is waived, because it was not presented to the district court. *See Dunbar v. Seger–Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 1511, 179 L.Ed.2d 307 (2011); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n. 1 (5th Cir. 1994) (en banc) (per curiam).